KATIE J. LEWIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lewis v. Commissioner
Docket No. 11541-78
United States Tax Court
T.C. Memo 1982-12; 1982 Tax Ct. Memo LEXIS 727; 43 T.C.M. (CCH) 280; T.C.M. (RIA) 82012; January 12, 1982. Katie J. Lewis, pro se. Keith Fogg, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Fred R. Tansill pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *728 OPINION OF THE SPECIAL TRIAL JUDGE TANSILL, Special Trial Judge: Respondent determined a $ 1,632 deficiency in petitioner's 1976 federal income tax. Respondent's disallowance of the claimed dependency exemption for petitioner's mother-in-law has been conceded by petitioner. There remains at issue the extent to which petitioner is entitled to: 1) an automobile expense deduction under section 162; 2) a charitable contribution deduction under section 170; and 3) a credit for child care expenses under section 44A. FINDINGS OF FACTS Some of the facts have been stipulated and those facts are so found. Petitioner timely filed a joint income tax return for 1976 with her former husband, Joe Lewis, whom she divorced in March, 1977. At the time of filing the petition [3] in this case, petitioner resided in Stillwater, Oklahoma. On February 2, 1976, petitioner began employment as a secretary and administrative assistant with the Association of Central Arizona. Once a week her employer required her to deposit the Association's money in a bank *729 located one mile away from her office. Petitioner used her personal automobile to drive to the bank and back, a round trip distance of 2 miles, which trip she made 48 times in 1976 for a total of 96 miles, for which she was not reimbursed. During 1976 petitioner's former husband, Joe Lewis, was employed as a Human Resource Specialist by the Central Arizona Association of Governments (CAAG). In 1976, Joe Lewis leased an automobile in which he traveled 15,366 miles in connection with his employment, as reflected in records kept by CAAG. He was reimbursed by CAAG at a rate of 12 cents per mile, or a total of $ 1,843.928 which was not reported on the return. On their return, petitioner and her former husband deducted amounts for depreciation and automobile expenses with respect to the automobiles used by them in connection with their respective employments. Respondent disallowed the deductions for lack of sus-stantiation. Petitioner and her husband claimed itemized deductions on their 1976 return, which totaled $ 2,891. Included among the claimed deductions were cash contributions totaling $ 360 and contributions other than cash in the amount of $ 342. [4] Respondent disallowed *730 all of these contributions for lack of substantiation and since this adjustment alone reduced the allowable itemized deductions below the $ 2,800 allowable standard deduction, respondent disallowed all the itemized deductions and allowed the standard deduction. Petitioner's husband did not file a petition in this Court and did not testify at the trial, petitioner being the only witness. Petitioner, herself, did not personally make any charitable contributions. Her former husband made some cash contributions *731 at work for which petitioner has no written receipts. However, it is unlikely that he made any of the $ 275 claimed contributions to churches since he never attended church. Petitioner was unable to substantiate the cost or fair market value at the time of contribution of any tangible property that might have been given to the Salvation Army. On their return petitioner and her former husband claimed a $ 360 credit for child care expenses in the amount of $ 1,800. At trial, petitioner testified that the amount of child care expenses incurred by her during 1976 was only $ 1,275 paid to the Merry Moppets Daycare Center. Respondent conceded that petitioner was entitled to a credit based on child care expenses in the amount of $ 1,275 but not in the amount of $ 1,800 as claimed on the return. OPINION The basic issue presented in this case is one of substantiation. Records kept by CAAG reflect that petitioner's former husband traveled 15,366 miles in connection with his employment and received reimbursement in the amount of $ .12 per mile or $ 1,843.92. With respect to business miles traveled by petitioner, she testified that she drove a total of 96 miles for which she was not *732 reimbursed. Respondent conceded on brief that petitioner is entitled to a deduction of $ .15 per mile for these 96 miles. Beyond the above figure, the record contains no other evidence of unreimbursed business miles traveled by either petitioner or her former husband. On their return, petitioner and her former husband used the regular method to compute their respective automobile expenses, which included amounts for depreciation. However, petitioner did not even attempt to substantiate those expenses. Moreover, it is clear that her former husband was not entitled to claim a deduction for depreciation on the automobile which he leased. In the absence of substantiation other than for total business miles traveled in the amount of 15,462 (15,366 + 96) we find that petitioner is entitled to compute her automobile expense deduction using the optional method (i.e., $ .15/mile for the first 15,000 miles and $ .10/mile thereafter). See Rev. Proc. 74-23, 1974-2 CB 476, applicable to the year 1976. Of course, the resuling figure must be reduced by the $ 1,843.92 reimbursement which petitioner's former husband received from CAAG. With respect to the charitable contributions, *733 petitioner presented no evidence other than her oral testimony. While we believe that petitioner's husband made some cash contributions to charities and that the furniture given to the Salvation Army had some value, petitioner has failed to prove that the total charitable contributions allowable are $ 611 or more. If the charitable contributions allowable are less than $ 611, the total itemized deductions claimed on the return will total less than the $ 2,800 standard deduction allowed by respondent in the notice of deficiency. We therefore approve respondent's adjustment with respect to the itemized deductions. Lastly, petitioner testified that her child care expenses in 1976 amounted only to $ 1,275, and not to $ 1,800 as claimed on the return. Respondent conceded that petitioner was entitled to claim a child care credit based on expenses of $ 1,275. There being no disagreement between the parties, petitioner is entitled to a child care credit based on expenses of $ 1,275. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Petitioner's former husband did not join in the filing of this petition and therefore he is not a party to this proceeding.↩
4. While this amount was listed as a contribution other than cash and petitioner testified it was probably for some used furniture contributed to the Salvation Army when she and her husband moved out of an old mobile home into a new one, there is attached to the return a schedule reflecting use of a part of their home for a business office in the amount of $ 342. This dollar amount does not appear to be claimed anywhere else on the return except as a contribution. Since respondent disallowed the contribution and petitioner offered no specific evidence to prove that it was a deductible office-in-home expense, we will view the amount as a contribution as claimed on the return.↩